IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLOCK FINANCIAL CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 01-1007-CV-W-3 ) |
| LENDING TREE, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Block Financial Corporation for its Complaint against Defendant Lending Tree, Inc. avers as follows:

### PARTIES TO THIS CIVIL ACTION

1. Plaintiff Block Financial Corporation (hereinafter "Block") is a Delaware corporation having its principal place of business at 4400 Main Street, Kansas City, Missouri 64111.

2. Upon information and belief, Defendant Lending Tree, Inc. (hereinafter "Lending Tree") is a Delaware corporation having a principal place of business at 11115 Rushmore Drive, Charlotte, North Carolina 28277.

### JURISDICTION & VENUE

3. This is a cause of action for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, 1332 and 1338(a). The Court has personal jurisdiction over Lending Tree at least by virtue of Lending Tree's Internet business activities in this judicial district and elsewhere in

the state of Missouri, by virtue of Lending Tree's national advertisement in this judicial district and elsewhere in the state of Missouri, and by virtue of Lending Tree's business relationship with North American Savings Bank which is a wholly owned subsidiary of NASB Financial Inc., having its headquarters at 12498 South 71 Highway, Grandview, Missouri 64030.

4. Venue in this district is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) at least by virtue of Lending Tree's Internet business activity within this judicial district and elsewhere throughout the state of Missouri, by virtue of Lending Tree's national advertisement within this judicial district and elsewhere throughout the state of Missouri, and by virtue of Lending Tree's business relationship with North American Savings Bank, having its headquarters in Grandview, Missouri. For venue purposes, Lending Tree "resides" in this judicial district.

## STATEMENT OF CLAIM

5. The allegations of paragraphs 1-4 are incorporated as if fully set forth herein.

6. Block is the owner of all right, title, and interest in and to United States Letters Patent No. 6,014,645 entitled "REAL-TIME FINANCIAL CARD APPLICATION SYSTEM" (hereinafter "the '645 patent"), which duly and legally issued to Block on January 11, 2000, as assignee of the inventor. A copy of the '645 patent is attached hereto as Exhibit "A".

7. Upon information and belief, Lending Tree has been and is now infringing the '645 patent: (1) by making, using, offering to sell, and/or selling within this judicial district and elsewhere in the United States an electronic financial card application system which embodies the invention claimed in the '645 patent; (2) by actively inducing others to infringe the '645 patent; and/or (3) by contributing to the infringement of the '645 patent. All of Lending Tree's activities are without authority or license from Block.

8. Lending Tree was sent letters dated January 23, 2001 and April 2, 2001 informing Lending Tree of Block's issued patent and informing Lending Tree of their potential need to take a license under the patent. Copies of the letters are attached hereto as Exhibits "B" and "C".

9. Lending Tree's intellectual property attorney (Mr. Petty) responded April 27, 2001 to Block's intellectual property attorney and stated, in essence, that he was analyzing the Block patent. A copy of the letter is attached hereto as Exhibit "D".

10. A follow-up letter was sent to Mr. Petty on July 10, 2001 when no further response was received. A copy of the letter is attached hereto as Exhibit "E".

11. Upon information and belief, Lending Tree has been and will continue making, using, offering to sell, and/or selling a financial card application system that infringes the '645 patent without a license from Block.

12. Upon information and belief, Lending Tree's infringement, contributory infringement, and/or active inducement of infringement of the '645 patent have been willful and deliberate, and Lending Tree will continue its activities to Block's injury unless enjoined by this Court. As a result of Lending Tree's willful and deliberate infringement, this is an "exceptional case" within the meaning of 35 U.S.C. § 285.

13. As a result of said infringement by Lending Tree, Block has been damaged and will continue to be damaged in an amount to be determined at trial. Block has also suffered and will continue to suffer irreparable injury unless this Court enjoins Lending Tree's activities.

549052.01

3

Case 4:01-cv-01007-ODS   Document 1   Filed 09/14/01   Page 3 of 6

## RELIEF

**WHEREFORE**, Block demands judgment against Lending Tree as follows:

(a) A ruling that Lending Tree has been and is infringing, contributing to the infringement of, and/or actively inducing infringement of the '645 patent;

(b) That the infringement, contributory infringement, and/or active inducement of infringement by Lending Tree have been willful and deliberate;

(c) That this is an "exceptional case" under 35 U.S.C. § 285;

(d) Pursuant to 35 U.S.C. § 283, that Lending Tree, its officers, directors, agents, assigns, and employees, and all others acting in concert or participation with them or under their authority be permanently enjoined from making, using, offering to sell, and selling infringing systems and from otherwise infringing, contributing to infringement, and actively inducing infringement of the '645 patent;

(e) For an accounting of damages to Block arising from Lending Tree's acts of infringement, contributory infringement, and active inducement of infringement, including, but not limited to, a reasonable royalty to be paid by Lending Tree as a result of Lending Tree's infringing activities;

(f) For an award to Block of three times the actual damages and lost royalties so determined by the accounting, together with interest and costs as provided for under 35 U.S.C. § 284;

(g) For the costs of this action together with Block' attorneys' fees under 35 U.S.C. § 285; and

(h) Such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Block demands a trial by jury of all issues triable by a jury in this case as a matter of right.

Respectfully submitted,

BRYAN CAVE LLP

By: *Mark W Brennan*
Mark W. Brennan     MO #39117
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
ATTORNEYS FOR PLAINTIFF BLOCK FINANCIAL CORPORATION

Of Counsel:

Jeffrey S. Standley (Ohio Bar No. 0047248)
Michael R. Szolosi, Jr. (Ohio Bar No. 0065175)
Cheryl S. Scotney (Ohio Bar No. 0069531)
Standley & Gilcrest LLP
495 Metro Place South
Suite 210
Dublin, Ohio 43017-5319
Telephone: (614) 792-5555
Facsimile: (614) 792-5536

# VERIFICATION

State of Missouri )
)
County of Jackson )

      Bret G. Wilson, being first duly sworn under oath, presents that he is an officer of the plaintiff corporation in this action; that he knows the contents of the complaint; and that the information contained therein is true to the best of his knowledge and belief.

                                                         Bret G. Wilson
                                                         Vice-President, Block Financial Corporation

SUBSCRIBED AND SWORN TO before me this 13 day of Sept, 2001.

_____
Notary Public     CYNTHIA WEBER SCHERB
                 Notary Public - State of Missouri
                      County of Jackson
My Commission Expires  My Commission Expires 04/17/2002

6