IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 01-1007-cv-ODS |
| LENDINGTREE, LLC, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LENDINGTREE, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 08-cv-164-ODS |
| BLOCK FINANCIAL LLC, BLOCK FINANCIAL CORPORATION, and DOES 1 through 10, inclusive, | ) ) ) ) | |
| Defendant. | ) ) | |

## JOINT MOTION FOR PROTECTIVE ORDER

The parties respectfully move the Court, pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), for entry of a Protective Order limiting the use and disposition of certain information and documents. Such Stipulated Protective Order will be submitted directly to the Court in accordance with the Western District of Missouri Administrative Procedures Manual. The parties recognize that discovery in this action will result in the disclosure of documents and information of a sensitive and confidential nature. Such information includes

business, commercial, financial, and trade secret information, such as but not limited to, computer code, agreements, customer lists, customer files, and records of sales and profits that are generally not shared publicly.

For good cause to exist to issue a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus. Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Philips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002), *citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd. Cir. 1995), *citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3rd Cir. 1994). In determining whether good cause exists for a protective order, the Court may consider the following relevant factors (hereinafter referred to as the "Factors") such as: 1) is the information being sought for a legitimate purpose; 2) will the disclosure violate any privacy interest; 3) will disclosure cause a party embarrassment; 4) whether disclosure is important to public health and safety; 5) will sharing of the information among litigants promote fairness and efficiency in the litigation; 6) whether the party seeking the protective order is a public entity or official; and 7) whether the case involves issues of public importance. *See WebSideStory, Inc. v. NetRatings. Inc*., No. 06cv408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007), *citing Pansy,* 23 F.3d at 787-91.

In the present matter, the information for which the Protective Order is sought constitutes business, commercial, financial, and trade secret information, such as but not

limited to, computer code, license agreements, customer lists, customer files, and records of sales and profits that are generally not shared publicly.  Consideration of the Factors warrants issuance of the Protective Order.  First, although the parties agree that the information being requested is being sought for a legitimate purpose, the parties acknowledge that the information can be used to compete in the marketplace with the producing party and that public disclosure of said information will leak economically valuable business, financial and technical data.  Second, public disclosure will violate the producing party's privacy interest in its trade secret(s) resulting in the destruction of the producing party's trade secret(s).  Third, although it is unlikely that either party will be embarrassed as a result of public disclosure, the economic threat posed by public disclosure represents a real and eminent harm to the disclosing party.  Fourth, there is no compelling public health or safety reason that warrants the denial of the requested Protective Order.  Fifth, the Protective Order will allow the litigants to exchange the requested information without fear that the information will pass onto third parties, or be used to unfairly compete with the producing party in the marketplace.  Sixth, neither party seeking the Protective Order is a public entity or official.  Accordingly, neither party is under an obligation to publicly disclose information.  Seventh, the present matter does not involve issues of public importance.

     As a result, the parties have agreed to the Protective Order and request that the Court enter it in this case.

Respectfully Jointly Submitted,

DATED: July 3, 2008

*s/Leslie Harvey*
Robert D. Fram (admitted *pro hac vice*)
Winslow B. Taub (admitted *pro hac vice*)
Leslie N. Harvey (admitted *pro hac vice*)
**HELLER EHRMAN LLP**
333 Bush Street
San Francisco, CA 94104-2878
Tel: (415) 772-6000 / Fax: (415) 772-6268
E-mail: Robert.Fram@hellerehrman.com
   Winslow.Taub@hellerehrman.com
   Leslie.Harvey@hellerehrman.com

Edward R. Spalty (Missouri Bar No. 26086)
David A. Jermann (Missouri Bar No. 51389)
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
Tel: (800) 243-5070 / Fax: (816) 329-5426

Attorneys for
**LENDINGTREE, LLC**

DATED: July 3, 2008

*s/Mark R. Engle*
Jeffrey S. Standley
F. Michael Speed, Jr.
Mark R. Engle
**The Standley Law Group, LLP**
495 Metro Place South, Suite 210
Dublin OH 43017

Mark W. Brennan
**Bryan Cave LLP**
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Attorneys for
**BLOCK FINANCIAL CORPORATION and BLOCK FINANCIAL LLC**