IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 01-1007-cv-ODS |
| | ) | |
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PARTIES' JOINT MOTION FOR PROTECTIVE ORDER

Whereas pretrial discovery in the above captioned actions shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of both Parties and of non-parties from whom discovery may be sought; and

Whereas Block Financial Corporation and Block Financial LLC (collectively "Block") and LendingTree, LLC (individually a "Party" and collectively the "Parties") have in good faith conferred and have agreed upon the terms of a Stipulated Protective Order ("Protective Order") and for good cause shown; therefore

The Court approves the parties' submitted Protective Order and grants their Joint Motion (Doc. # 91) requesting entry of same.

**1.0    Scope of Protection.**

1.1    This Protective Order shall govern any record of information, designated pursuant to this Protective Order, produced in the above captioned actions, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in the above captioned actions pursuant to required disclosures under any federal procedural rule or Western District of Missouri local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the Parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order.

**2.0    Designation.**

2.1    Each Party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in the above captioned actions which contains, reflects, or otherwise discloses confidential technical, business, or financial information ("CONFIDENTIAL" information).  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving Party that the information shall be considered confidential under this Protective Order.  To the extent that material is marked CONFIDENTIAL, such material shall be revealed to or used by limited categories of

2

individuals, as provided for in ¶ 5.1, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The Parties shall use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

2.2    Each Party shall have the right to designate as highly confidential and subject to this Protective Order any information produced in the above captioned actions which contains, reflects, or otherwise discloses trade secrets, current research and development information, or competitively sensitive commercial or financial information, including but not limited to financial performance or results of the producing Party; corporate and strategic planning by the producing Party; names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors, of the producing Party; and technical data, research and development data, confidential commercial information, trade secrets, and patent applications of the producing Party that are not publicly available ("HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information). To the extent that material is marked HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 5.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

3

ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The Parties shall use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for which the designating Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

2.3     Each party shall have the right to designate any computer source code, documents that describe encoding or decoding algorithms used in computer source code, and copies thereof under the provisions of ¶ 6, as HIGHLY SENSITIVE - SOURCE CODE. Documents and things so designated will be subject to all of the restrictions as material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and will be subject to the additional restrictions and provisions specified in paragraph ¶ 6.

2.4     To the extent that any Party has, prior to the date that this Order is entered, produced to the other side materials that the producing Party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY unless otherwise agreed by the Parties.

**3.0     Manner of Designation**

The designation of information or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for purposes of this Protective Order shall be made in the following manner:

(a) in the case of documents, claim charts, exhibits, memoranda, or other written materials on paper: by affixing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY as appropriate, to at least the first page of any document

containing any such information or material at the time such documents are produced or such

information is disclosed, or as soon thereafter as the Party seeking protection becomes aware of

the confidential nature of the information or material disclosed and sought to be protected

hereunder; and

(b) in the case of documents stored electronically, such as on CD-ROMs or

transmitted by electronic means, by affixing the legend CONFIDENTIAL or HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, as appropriate, on the outside of the storage

medium, e.g., the disk, or by specifically notifying recipients in writing of the designation of the

CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information,

*e.g.*, in the subject matter line or beginning of any electronic mail message. A Party desiring to

make electronic copies of the disk or portions thereof shall affix the same designation on the

copy as exists on the original.  A Party desiring to forward or otherwise transmit by electronic

means all or a portion of the contents of information or documents stored electronically, shall

specifically notify the recipient(s) of the confidentiality designation applicable thereto; no

designated materials shall be forwarded or transmitted electronically to anyone not entitled to

receive materials so designated under this Protective Order.  A Party desiring to make a "hard

copy" of all or a portion of the contents of information or documents stored electronically, shall

place on each page of such hard copy the same designation as is applicable to the electronically

stored copy.

**4.0    Limit on Use and Disclosure of Designated Information.**

4.1    Each Party and all persons bound by the terms of this Protective Order

shall use any information or document designated CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE

in connection with the prosecution or defense of the above captioned actions, except by consent of the Parties or order of the Court only. Except as provided for in this Protective Order, no Party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

4.2     It is, however, understood that counsel for a Party may give advice and opinions to his or her client based on his or her evaluation of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information received by the Party, provided that such rendering of advice and opinions shall not reveal the content of such information other than in summary form except by prior written agreement with counsel for the producing Party.

4.3     The attorneys of record for the Parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

4.4     From the date of the entry of this Protective Order, until two years after the conclusion of this litigation (including appeals), any attorney, patent agent, consultant or other person who sees, reviews, discusses the subject matter of, or otherwise has access to materials of another Party designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE shall not participate in the prosecution of any patent applications on behalf of a Party to the above captioned actions (including any employees, parents, subsidiaries, divisions, successors or affiliates of the Party) relating to the patent-in-suit, i.e., continuations, continuations-in-part, reexaminations, reissues, or foreign counterparts of the patent-in-suit. For the purposes of this Protective Order,

"participate[s] in the prosecution of patent applications" includes drafting or amending patents or patent applications and supervising, directing, advising or assisting others in the drafting or amending of patents or patent applications.

4.5     Any Party may mark any document or thing containing CONFIDENTIAL, HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information as an exhibit to a deposition, hearing, or other proceeding and examine a witness concerning those documents, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

**5.0     Disclosure of Confidential Material.**

5.1     Except as provided in ¶¶ 4.4, 12, 13, 14 and 21, documents or information designated CONFIDENTIAL may be disclosed by the recipient thereof, on a need-to-know basis, only to:

(a)  no more than three designated employees of each Party who first agree to be bound by the terms of this Protective Order;

(b)  the attorneys of record for the Parties, and their authorized secretarial, clerical and legal assistant staff;

(c)  the Court and Court personnel, as provided in ¶ 13;

(d)  consultants or experts and their staffs retained by the Parties or their attorneys for purposes of the above captioned actions, who are agreed upon by the Parties pursuant to ¶ 7, who are not employees or otherwise affiliated with any of the Parties, and who first agree to be bound by the terms of this Protective Order;

(e)  court reporters employed in connection with the above captioned actions; and

(f)  non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators), including trial consulting services and mock jurors retained by a Party.

5.2     Except as provided in ¶¶ 4.4, 12, 13, 14 and 21, documents or information designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof, on a need-to-know basis, only to those categories of individuals listed in ¶¶ 5.1 (b)-(f).

**6.0     Source Code**

6.1     Any Party producing source code shall provide one copy of any source code or other materials designated under ¶ 2.3 on CD-ROM or other appropriate storage medium (the "CD-ROM") to outside trial counsel for the requesting Party.  The CD-ROM shall be kept at all times at the offices of outside trial counsel. The CD-ROM shall be maintained in a locked cabinet or the like.  Documents and things designated HIGHLY SENSITIVE - SOURCE CODE may be disclosed by the recipient thereof, on a need-to-know-basis, only to those categories of individuals that may access materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY as specified in ¶ 5.2.  The producing Party, at its option, may password protect the CD-ROM and provide the password to opposing counsel.  The password shall be kept within the offices of outside counsel and shall be distributed on a need to know basis only to those individuals listed in ¶ 5.2 of the Protective Order.

6.2     Counsel of record may load the CD-ROM onto a computer that conforms with the restrictions and provisions of this paragraph.  Notwithstanding the foregoing, a Party shall be entitled to print in paper form as many lines of source code as reasonably necessary for

use as an exhibit at deposition, as an exhibit to a filing with the Court, or as an exhibit at trial; provided that all such paper forms shall be labeled on each page with a legend designating them as "HIGHLY CONFIDENTIAL - SOURCE CODE OF [name of party], SUBJECT TO COURT PROTECTIVE ORDER" together with a unique number for each page of each copy.  Each written copy of the designated materials shall be stored securely in a locked cabinet when not in use.  While in use, the computer and such designated materials shall not be left unattended by counsel of record or any consultant or expert.

      6.3      No copies of the materials designated as HIGHLY SENSITIVE - SOURCE CODE shall be made, except for:

      (a)  temporary electronic copies created in the normal operation of a computer system;

      (b)  copies made pursuant to the uses authorized under the provisions of ¶ 6.2; and

      (c)  such other uses to which the parties may agree or the Court may order. Specifically, and not by way of limitation, no copies of the data on the CD-ROM shall be stored on the hard disk of the computer in which it is used, and no copies shall be stored on any server or other computer.

      6.4      Other than the uses permitted in ¶ 6.2, materials designated as HIGHLY SENSITIVE SOURCE CODE shall not leave the office of any outside counsel of record.  A written log shall be maintained by each Party listing each copy made pursuant to ¶ 6.2 and disposition of all such copies (e.g., delivery/receipt to/by other authorized person, destruction, and the like).

      6.5      If either party intends to offer any evidence at trial based on the materials designated as HIGHLY SENSITIVE - SOURCE CODE, the Court shall take appropriate

measures to preserve the confidentiality of the designated materials to the extent reasonably practicable.

**7.0     Identification of Experts.**

7.1     If any Party desires to disclose information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE to any expert or consultant pursuant to ¶ 5.1(d) above, it must first identify in writing to the attorneys for the producing Party each such expert or consultant.  The attorney for the producing Party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

7.2     Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, any prior or current employments or consultancies for any Party or other company in the on-line services industry of the expert or consultant, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years.  The Parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the Party opposing disclosure of the CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information to the expert or consultant may move the Court for an Order prohibiting the disclosure and shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this case.  Any Party that fails to file such a motion within 10 business days of notifying a Party of an objection to disclosure under ¶ 7.1 shall be deemed to have waived such objection and the Parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 5.1(d).

7.3    Paragraphs 7.1 and 7.2 of this Protective Order do not apply to experts whom the parties have already disclosed and to whom no objection was made under the Protective Order entered May 30, 2007 in Case No. 01-1007-cv-ODS.  Once previously-disclosed experts have executed a written Declaration and Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order, they are immediately permitted to review information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE under the terms and restrictions set forth in this Protective Order.

**8.0    Agreement of Confidentiality.**

In no event shall any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE be disclosed to any person authorized pursuant to ¶¶ 5.l (a) and/or (d) until such person has executed a written Declaration and Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Copies of such Declaration and Confidentiality Undertaking forms shall be promptly served on the producing Party.  Counsel for the Party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Declaration and Confidentiality Undertaking forms.

**9.0    Related Documents.**

Information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and HIGHLY SENSITIVE - SOURCE CODE may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or

containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 10; and/or (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 11.

**10.0    Designation of Deposition Transcripts.**

10.1    Portions of deposition transcripts containing CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information may be designated as subject to this Protective Order by providing written notice within 30 days following receipt of the official transcripts of the deposition to the reporter and all counsel of record of the specific pages and lines that contain CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party.

10.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for a period of 30 days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating Party to persons other than those persons named or approved according to ¶ 5.

10.3    The designating Party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating Party designates

CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 5.

**11.0    Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever matter designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE is to be discussed in a hearing or other proceeding, any Party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**12.0    Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a Party from disclosing a document containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE to any person who drafted, prepared, executed, or received the document.

**13.0    Filing Protected Materials in Court.**

Any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE may not be filed in

Court, whether separately or with or as part of pleadings or other court papers except under seal.

Any Party wishing to make such a filing must first present a motion regarding the specific

documents sought to be filed under seal and stating whether the opposing party objects to the

motion. Upon approval by the Court, the protected materials shall be filed in a sealed envelope or

other appropriate container on which shall be endorsed the caption of this lawsuit, the title of the

court paper or a brief description of the enclosed materials, the legend "CONFIDENTIAL–

SUBJECT TO COURT ORDER," and a statement to the following effect:

> **This envelope [or other container] contains documents filed in
> this case by [name of party]; it is not to be opened by, nor are
> the contents to be displayed or revealed to, anyone other than
> authorized Court personnel, except upon order of the Court.**

### 14.0    Confidentiality of Party's Own Documents.

Nothing herein shall affect the right of the designating Party to disclose to its

officers, directors, employees, attorneys, consultants or experts, or to any other person, its own

information. Such disclosure shall not waive the protections of this Protective Order and shall

not entitle other Parties or their attorneys to disclose such information in violation of it, unless by

such disclosure of the designating Party the information becomes public knowledge.  Similarly,

the Protective Order shall not preclude a Party from showing its own information to its officers,

directors, employees, attorneys, consultants or experts, or to any other person, which information

has been filed under seal by the opposing Party.

### 15.0    Challenge to Confidentiality.

15.1    This Protective Order shall not preclude any Party from seeking and

obtaining, on an appropriate showing, such additional protection with respect to the

confidentiality of documents or other discovery materials as that Party may consider appropriate.

Nor shall any Party be precluded from (a) claiming that any matter designated hereunder is not

entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No Party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any challenge to the designation of any information, the burden of proof shall lie with the producing Party to establish that the information is, in fact, CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information. If a Party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the producing Party, the following procedure shall be used:

(a) the Party seeking such declassification or removal shall give counsel of record for the other Party written notice thereof by facsimile, with confirmation by mail or by personal delivery, specifying the designated information as to which such removal is sought and the reasons for the request;

(b) the Party seeking such declassification or removal shall in good faith confer or attempt to confer with opposing counsel concerning the declassification or removal of an item from a designation within seven (7) business days after the delivery and receipt of the notice; and

(c) if, after conferring, the Parties cannot reach agreement concerning the matter, then the Party requesting the declassification or removal of particular items shall arrange with the Court for an immediate telephone conference with the Judge and opposing counsel. No written motion shall be filed until this telephone conference has been held.

**16.0    Inadvertent Failure to Designate and/or Inadvertent Disclosure.**

A producing Party or non-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies or each item, appropriately designated. Those individuals who reviewed the documents or information prior to the notice of misdesignation or failure to designate by the producing Party shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of confidential information in the misdesignated documents.

**17.0    Inadvertent Production or Disclosure of Privileged Materials.**

17.1    The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the Party who made the inadvertent production or disclosure sends to each receiving Party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) days of receiving such a request, the receiving Party shall return to the producing Party all such documents and things identified by the producing Party as being privileged or work-product and as having been inadvertently produced.

17.2    If the receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the following procedure shall be used:

(a) the receiving Party shall so notify the producing Party in writing when the document or thing is returned to the producing Party.

(b) within ten (10) days after receiving such notification, the producing Party shall provide to the receiving Party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

(c) within ten (10) days after receiving such a list, the receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed. If such a motion is filed, the producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity. No motion may be filed until the receiving Party satisfies the requirements of Local Rule 37.1.

17.3 With respect to documents and things subsequently generated by a receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving Party does not notify the producing Party that the receiving Party disputes the claims of attorney-client privilege or work-product immunity, the receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

17.4 If information subject to a claim of attorney-client privilege or work product immunity is used during depositions in contravention of other provisions of this Order, it shall not lose its privileged status through such use.

**18.0    Prior or Public Knowledge.**

This Protective Order shall not apply to information that is or has become generally available to the public prior to disclosure. The restrictions contained in this Protective Order shall not apply to information that is or has become generally available to the public other

than by an act or omission of the Party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 19.0   Limitation of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 20.0   Non-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering Party and third party for the production of information to the discovering Party, are applicable to CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE information provided by a non-party.  Information provided by a non-party in connection with the above captioned actions and designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 21.0   Nonparty Requests for Information Subject to This Order

If any Party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to the above captioned actions, seeking information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE, by someone other than that Party, the Party shall give written notice by hand or facsimile

transmission within ten (10) days of receipt of such subpoena, demand, or legal process to the Party who designated the information, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information subject to this Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**22.0    Return of Designated Information.**

Within sixty (60) days following final termination of the above captioned actions (including appeals), unless otherwise agreed to in writing by an attorney of record for the designating Party, each Party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY SENSITIVE - SOURCE CODE including all copies, extracts and summaries thereof, to the Party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect an attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses may be retained by counsel, subject to a continuing obligation to protect all such material pursuant to this order.

**23.0    Waiver or Termination of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating Party, or by an Order of the Court for good cause shown. The restrictions provided for herein

shall not terminate upon the conclusion of the above captioned actions, but shall continue until further Order of this Court.

**24.0    Remedy**

In the event any person shall violate or threaten to violate any of the terms hereof, the aggrieved party may seek any appropriate remedy from the Court and no Party shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

**25.0    Modification Of Order; Prior Agreements; Retention of Court Power.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further Order of the Court.  This Protective Order supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

The Court reserves the power and authority to remove documents and materials from the scope of this Order if it finds documents or materials designated by the parties do not constitute material properly described as protectable by Fed. R. Civ. Pro. 26(c) or this Order. The Court will retain continuing jurisdiction to resolve challenges by either the parties or third parties to the confidential designation placed on documents and materials.

**26.0    No Limit on Parties' Rights to Discovery**

Nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of the Parties to seek the production of documents, testimony or any other information from any source.

**27.0    Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

**28.0    Days.**

All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 9, 2008                    UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 01-1007-cv-ODS |
| | ) | |
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-164-ODS |
| | ) | |
| BLOCK FINANCIAL LLC, | ) | |
| BLOCK FINANCIAL CORPORATION, | ) | |
| and DOES 1 through 10, inclusive, | ) | |
| | ) | |
| Defendant. | ) | |

## EXHIBIT A:

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I certify that I have received and carefully read the Stipulated Protective Order in the above captioned actions and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Western District of Missouri for any proceedings involving the enforcement of that Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____, _____.


Name _____

Signature _____

Present Employer or
Other Business Affiliation _____

Business Address _____

_____