N THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL LLC, (formerly known as "BLOCK FINANCIAL CORPORATION") | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 01-1007-cv-ODS |
| LENDINGTREE, LLC, | ) ) | |
| Defendant. | ) ) | |

_____)_____

| | | |
|---|---|---|
| LENDINGTREE, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 08-cv-164-ODS |
| BLOCK FINANCIAL LLC, (formerly known as "BLOCK FINANCIAL CORPORATION") and DOES 1 through 10, inclusive, | ) ) ) ) | |
| Defendants. | ) | |

**LENDINGTREE, LLC'S REPLY SUGGESTIONS IN SUPPORT OF LENDINGTREE, LLC'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. SECTION 101 FOR FAILURE TO CLAIM PATENT-ELIGIBLE SUBJECT MATTER**

# TABLE OF CONTENTS

I.      Introduction..................................................................................................... 1

II.     LendingTree's Response to Block's Statement of Uncontroverted Material Facts............ 2

        A.      Pursuant to Local Rule 56.1, the Court Should Deem All Facts Set Forth
                in LendingTree's Opening Statement of Uncontroverted Material Facts As
                Admitted for Purposes of This Motion, As Block Has Not Specifically
                Controverted Any Such Fact................................................................... 2

        B.      Block's Proposed Additional Facts Do Not Raise a Genuine Disputed
                Issue of Fact Material to This Motion And Are Irrelevant And/Or Would
                Not Be Admissible in Evidence............................................................... 4

III.    Argument ....................................................................................................... 47

        A.      The Claims, As a Matter of Law, Do Not Meet the Transformation Prong. ........ 47

        B.      The Block Claims, As a Matter of Law, Fail to Satisfy the Machine Prong,
                Because They Contain Only Generic References That Do Not Impose Any
                Meaningful Limits on the Claim Scope to Impart Patent-Eligibility.................. 50

                1.      The Question of Whether Machines Are Required to Practice the
                        Invention Is Irrelevant to Whether the Machine Prong Is Met. ............... 50

                2.      It Is Improper to Read Into Claims Hardware Limitations That Are
                        Not Recited in the Claim Language at Issue........................................... 51

                3.      The Claims Do Not Specify That the Computer on the Client Side
                        Is "Specially Programmed" to Perform the Steps Claimed in the
                        Patents.......................................................................................... 52

                4.      Block Cannot, and Does Not, Show That References to the "World
                        Wide Web," a "World Wide Web Site," And/or a "Public
                        Network" Tie the Claimed Invention to a Particular Machine. ............... 53

                5.      Block Does Not Effectively Distinguish Any of the Cases
                        Demonstrating that References to "Database," and/or "Device for
                        Accessing Data" on the Server Side Are Generic and Fail to Tie
                        Block's Claimed Process to a Particular Machine.................................. 54

                6.      Block Cannot Point To Any Recited Hardware That LendingTree
                        Has Not Addressed. ...................................................................... 56

7.      It Is Improper for Block to Rely on Its Infringement Contentions to
        Demonstrate That the Asserted Claims Meet the Machine Prong. ........... 57

C.   The Block Claims Involve a Non-Numerical Algorithm and Recite Extra-
     Solution Activity. ................................................................................. 58

     1.   Algorithms Can Be Non-Numerical, As the U.S. Supreme Court
          Expressly Acknowledged in *Diamond v. Diehr*. ...................................... 58

     2.   Block Tries Unsuccessfully to Deflect and Deny that Its Claims
          Contain Extra-Solution Activity. ................................................. 60

D.   Block Has Put Forth No Genuine Disputed Fact Material to This Motion. ......... 62

E.   The Remainder of Block's Arguments Are Without Merit. ............................... 62

     1.   The Machine-Or-Transformation Test Does and Should Apply to
          Apparatus Claims. ......................................................................... 62

     2.   BPAI Decisions Are Properly Citable Persuasive Authority. .................... 64

     3.   *Bilski* Remains Binding Law. ......................................................... 64

IV.   Conclusion ................................................................................................ 64

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arshal v. U.S.*,
621 F.2d 421 (Ct. Cl. 1980) ....................................................................63

*Cybersource Corp. v. Retail Decisions, Inc.*,
620 F. Supp. 2d 1068 (N.D. Cal. 2009) ................................................48, 49, 54, 64

*DealerTrack, Inc. v. Huber*,
No. CV 06-2335 AG, 2009 WL 2020761 (C.D. Cal. July 7, 2009) ......................................52

*Diamond v. Diehr*,
450 U.S. 175 (1981)..........................................................................58, 59

*E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*,
849 F.2d 1430 (Fed. Cir. 1988)..........................................................................3

*Every Penny Counts, Inc. v. Bank of Am. Corp.*,
No. 2:07-cv-042, 2009 U.S. Dist. LEXIS 53626 (M.D. Fl. May 27, 2009) .....................51, 55

*Ex Parte Daughtrey*,
2009 WL 963938 (B.P.A.I. April 8, 2009) ..........................................................61

*Ex Parte Godwin*,
No. 2008-0130, 2009 WL 4898213 (B.P.A.I. Nov. 13, 2008) ...................................... passim

*Ex Parte Gosby*,
2007 WL 2843739 (B.P.A.I. Sept. 28, 2007) ........................................................56

*Ex Parte Hanam*,
2008 WL 367507 (B.P.A.I. Feb. 11, 2008) ............................................................56

*Ex Parte Harris*,
No. 2007-0325, 2009 WL 86719 (B.P.A.I. Jan. 13, 2009)....................................................55

*Ex Parte Isaacson*,
No. 2008-1884, 2009 WL 505455 (B.P.A.I. Feb. 26, 2009) ................................................56

*Ex Parte Mitchell*,
No. 2008-2012, 2009 WL 460662 (B.P.A.I. Feb. 23, 2009) ................................................56

*Ex Parte Motoyama*,
No. 2008-2753, 2009 WL 524946 (B.P.A.I. Feb. 27, 2009) ................................................61

*Fort Prop.'s Inc. v. Am. Master Lease, LLC*,
    609 F. Supp. 2d 1052 (C.D. Cal. 2009) ...............................................................50

*Gottschalk v. Benson*,
    409 U.S. 63 (1972)............................................................................... passim

*Herrero v. St. Louis Univ. Hosp.*,
    109 F.3d 481 (8th Cir. 1997) .............................................................................62

*In re Bilski*,
    545 F.3d 943 (Fed. Cir. 2008), *cert. granted, Bilski v. Doll*, 129 S. Ct. 2735 (June 1,
    2009) ................................................................................................ passim

*In re Hiniker Co.*,
    150 F.3d 1362 (Fed. Cir. 1998)............................................................................3

*In re Maucorps*,
    609 F.2d 481 (Ct. Cust. & Pat. App. 1979) .........................................................63

*In re Schrader*,
    22 F.3d 290 (Fed. Cir. 1994)..............................................................................59

*Logan v. Liberty Healthcare Corp.*,
    416 F.3d 877 (8th Cir. 2005) ................................................................. passim

*Medichem, S.A. v. Rolabo, S.L.*,
    437 F.3d 1157 (Fed. Cir. 2006)...........................................................................64

*Miller v. Solem*,
    728 F.2d 1020 (8th Cir. 1984) ............................................................................62

*Noelle v. Lederman*,
    355 F.3d 1343 (Fed. Cir. 2004)...........................................................................64

*Parker v. Flook*,
    437 U.S. 584 (1978)...................................................................................58, 59

*Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*,
    518 F.3d 1353 (Fed. Cir. 2008)...........................................................................64

## STATUTES

35 U.S.C. § 101 ............................................................................................ passim

## OTHER AUTHORITIES

Local Rule 56.1 ............................................................................................ passim

## I.    Introduction

Once all of the rhetoric and diversions are put to one side, Block's opposition distills to three points.  Each of them fails.

First, Block argues that its claims meet the transformation prong of the machine-or-transformation inquiry because the claimed invention somehow transforms ***applicant data*** into a ***financial card offer***.  There are two things wrong with this argument.  As an initial matter, it is not true.  Financial card offers exist independent of applicant data and one does not become the other.  Moreover, it is inadequate as a matter of law.  The Federal Circuit has held that merely transforming one form of electronic data into another form of electronic data does not satisfy the transformation test.  *See In re Bilski*, 545 F.3d 943, 963 (Fed. Cir. 2008), *cert. granted, Bilski v. Doll*, 129 S. Ct. 2735, (June 1, 2009), ("Purported transformations or manipulations simply of public or private legal obligations or relationships, business risks, or other such abstractions cannot meet the test because they are not physical objects or substances, and they are not representative of physical objects or substances.").

Second, Block makes repeated conclusory assertions that the recited hardware somehow satisfy the machine inquiry because they are "required by" or "essential to" operation of the claimed invention.  But that is not the standard.  The correct question is whether the claims recite a particular machines that impose meaningful limits on the claim scope to impart patent-eligibility.  In its opening papers, LendingTree demonstrated that they do not.  Block never responds meaningfully to the point that the claims contain nothing more than generic hardware references.  Nor does it respond to the critical point that those hardware references do not impose any meaningful limits on the claim scope to impart patent-eligibility.

Third, Block argues that algorithms can be numerical only, that the claimed invention involves no numerical algorithm, and that there is no extra-solution activity whatsoever in any of the claims. Again, Block's assertion is without merit. It is well-established that algorithms can be non-numerical. Nor is there support for Block's assertion that most of the elements that it points to as tying the algorithm at issue to a machine are mere extra-solution activity.

Block identifies no genuine dispute of material fact that would preclude the Court from concluding that the asserted claims are invalid under Section 101 as a matter of law. The declaration of Block's expert, Steven R. Kursh, contributes little more than conclusory opinions, which are insufficient to raise any genuine dispute of material fact. The declaration contains opinions that one of ordinary skill in the art would understand each limitation of the asserted claims to require one or more <u>generic</u> hardware devices to operate, but nothing more. Notably, Mr. Kursh does <u>not</u> opine that the claims recite any <u>particular</u> machines and also does <u>not</u> opine that any of the recited generic hardware devices <u>impart any meaningful limits on the claim scope to impart patent-eligibility</u>. As such, there is no genuine dispute of material fact, and the Court should grant LendingTree's motion for summary judgment of invalidity under 35 U.S.C. § 101.

## II. LendingTree's Response to Block's Statement of Uncontroverted Material Facts

### A. Pursuant to Local Rule 56.1, the Court Should Deem All Facts Set Forth in LendingTree's Opening Statement of Uncontroverted Material Facts As Admitted for Purposes of This Motion, As Block Has Not Specifically Controverted Any Such Fact.

In its opposition papers, Block does not controvert any of the facts set forth in LendingTree's Statement of Uncontroverted Material Facts. To do so, Block would have needed to, as the local rules require,

> [begin its] [s]uggestions in opposition with... a section that contains a concise listing of material facts as to which the party

contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed.

Local Rule 56.1(a).

Block did not do so, either procedurally or substantively. Accordingly, pursuant to Local Rule 56.1, <u>all</u> of LendingTree's proffered facts shall be deemed admitted for the purpose of this motion. *See* Local Rule 56.1(a) ("All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.").[1]

Block's assertion that the "majority of LendingTree's statement of undisputed facts is not material to the present motion" rings hollow. Opp. Br. at 4.[2] The majority of the facts in LendingTree's Statement of Uncontroverted Material Facts consists of a verbatim recitation of the language of the claims at issue on this motion (Fact Nos. 9-50). The claim language is directly material to the question at the heart of this motion: whether the claims cover patentable subject matter under 35 U.S.C. § 101. *See In re Hiniker Co.*, 150 F.3d 1362, 1369 (Fed. Cir. 1998) ("[T]he name of the game is the claim."); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1433 (Fed. Cir. 1988) ("The claims of the patent provide

_____

[1] LendingTree herein incorporates by reference the following two typographical corrections (noted below in strikethrough text and brackets) to its Statement of Uncontroverted Material Facts, which Block referenced in its opposition brief at footnote 4. First, LendingTree's Fact No. 2 should state: "Block has asserted claims 11, 12, 14-24, [2]6-31, and 33 of the '645 Patent and claims 1, 3-11, 13-19, and 21-25 of the '617 Patent in this action. Kwong Dec., Exh. C." Second, LendingTree's Fact No. 20 should state: "Dependent claim **23** of the '645 Patent adds to claim ~~19~~ **[21]** of the '645 Patent "the step of determining acceptance of at least one of said offers by said applicant." '645 Patent at 8:11-13. LendingTree respectfully requests that, in deeming LendingTree's facts admitted, the Court incorporate these corrections by reference.

[2] For ease of reference, LendingTree herein will cite to Block's Suggestions in Support of Its Opposition to LendingTree's Motion for Summary Judgment of Invalidity as "Opp. Br."

the concise formal definition of the invention.") (internal citations omitted).  The remainder of

LendingTree's Statement of Uncontroverted Material Facts consists of (1) identification of the

asserted patents and claims (Fact Nos. 1-2) and (2) a recitation of the issuance dates of the

asserted patents and the applications from which they issued (Fact Nos. 3-4, 7-8), both of which

are relevant as background information needed to identify the patents and claims at issue on this

motion; and (3) excerpts from Block's communications with the U.S. Patent and Trademark

Office's ("PTO") concerning the initial rejection of the asserted claims <u>for invalidity under 35</u>

<u>U.S.C. § 101</u> (Fact Nos. 5-6) and the basis for the applicant's overcoming of that rejection, both

of which concern <u>the very subject of this motion – namely, whether the claims are invalid under</u>

<u>35 U.S.C. § 101</u>.  *See* LendingTree Br. at 1-16.[3]  The fact that the applicant overcame the Section

101 rejection by relying on a test that has since been rejected is precisely material to this motion.

The Court should reject Block's conclusory assertion to the contrary.

> **B.**     **Block's Proposed Additional Facts Do Not Raise a Genuine Disputed Issue of
> Fact Material to This Motion And Are Irrelevant And/Or Would Not Be
> Admissible in Evidence.**

Although Block refers to them as "counterstatement facts," it is clear that the 83

facts in Block's opposition papers (at 5-23) are instead additional facts that Block argues are

material to this motion.  As discussed in detail below, Block's additional facts raise no genuine

disputed issue of fact material to this motion.  Rather, they are irrelevant, improper, and/or would

not admissible in evidence.

As also noted below, Block has failed to comply with the procedural requirements

of Local Rule 56.1 in several respects.  First, Counterstatement Fact Nos. 5-52 each set forth

---

[3] For ease of reference, LendingTree herein will cite to its opening Suggestions in Support of
LendingTree, LLC's Motion for Summary Judgment of Invalidity Under 35 U.S.C. Section 101
For Failure to Claim Patent-Eligible Subject Matter as "LendingTree Br."

multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. *See* Local Rule 56.1(a) ("Each fact in dispute shall be set forth in a separate paragraph."). Second, rather than dispute any fact put forth by LendingTree, Block instead improperly uses the "Counterstatement of Contested Material Facts" of its brief to put forth its own arguments and also to rebut (at 5) LendingTree's assertion that the asserted claims recite an algorithm – a point that LendingTree made in the <u>argument</u> section (and not fact section) of its suggestions. Nonetheless, LendingTree will respond to Block's additional facts in the order they are presented in Block's papers.

1.      Uncontroverted.

2.      Controverted, but immaterial. This purported "fact" is improper because it consists of argument rather than fact. The underlying statements in the Declaration of Steven R. Kursh ("Kursh Dec.") are conclusory opinions that are insufficient to create a genuine issue of material fact. *See, e.g.*, *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 882 (8th Cir. 2005) ("'[C]onclusory affidavits, standing alone, cannot create a genuine issue of material fact, precluding summary judgment.'") (citations omitted). This purported "fact" is improper also because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.

3.      Controverted, but immaterial. This purported "fact" is improper because it contains several statements of purported fact in a single numbered paragraph, in violation of Local Rule 56.1. Furthermore, the definition of the words "e-commerce" and "computers," as well as Dr. Kursh's opinion on the skill level of one of ordinary skill in the art, are irrelevant to whether the asserted claims cover patent-eligible subject matter.

5

4.     Controverted in part and immaterial.  This purported "fact" is improper because it
       contains multiple purported facts in a single numbered paragraph, in violation of Local
       Rule 56.1.  LendingTree admits that the preamble of Claim 11 of the '645 Patent includes
       the term "electronic method," but otherwise controverts this Counterstatement.  This
       purported "fact" is controverted insofar as the entire statement that begins with "[a]n
       electronic method is understood by one of ordinary skill in the art…." is premised on
       conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See*
       *Logan*, 416 F.3d at 882.

5.     Controverted in part and immaterial.  This purported "fact" is improper because it
       contains multiple purported facts in a single numbered paragraph, in violation of Local
       Rule 56.1.  LendingTree admits that Claim 11 of the '645 Patent recites "storing financial
       institution data for participating financial institutions," but otherwise controverts this
       Counterstatement.  This purported "fact" is improper also because it contains argument.
       Block reads hardware limitations into the claim element that are not expressly recited in
       the claim language at issue.  That is improper, because the machine test requires a claim
       to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961
       ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or
       apparatus, nor transforms any article into a different state or thing, is not drawn to patent-
       eligible subject matter.") (emphasis added); *see also Ex Parte Godwin*, No. 2008-0130,
       2009 WL 4898213 (B.P.A.I. Nov. 13, 2008), at *4 (finding claims did not meet machine
       prong where they did not positively recite a machine).  Furthermore, except for the
       admitted portion, this Counterstatement is premised on conclusory opinions, which are
       insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

6.      Controverted in part and immaterial.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 11 of the '645 Patent recites "prompting an applicant for application data." but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

7.      Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 11 of the '645 Patent recites "assigning a rating to said applicant," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical

steps' **but neither recites** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882. Additionally, the definition of the word "memory" is immaterial to this motion.

8.   Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 11 of the '645 Patent recites "locating financial card offers," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' **but neither recites** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882. Additionally, the definitions of the words "query" and "retrieving" are immaterial to this motion.

9.      Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 11 of the '645 Patent recites "presenting said financial offers to said applicant," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

10.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 21 of the '645 Patent recites "creating a World Wide Web site," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to

9

expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882. Additionally, the definition of the words "web server" is immaterial to this motion.

11. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 21 of the '645 Patent recites "defining terms for financial cards," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

10

Additionally, Block's argument that "defining" means "storing" (another claim term) would violate the doctrine of claim differentiation.

12.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 21 of the '645 Patent recites "associating ratings with said financial card terms," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

13.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 21 of the '645 Patent recites "uploading financial card terms with said associated ratings to said site," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly

11

recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

14.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 21 of the '645 Patent recites "defining a rating for a financial card applicant," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416

12

F.3d at 882. Additionally, Block's argument that "defining" means "determining" and also means "storing" (another claim term), would violate the doctrine of claim differentiation. Further, Block has argued herein for different definitions of the word "defining," all of which are immaterial to this motion.

15.   Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 21 of the '645 Patent recites "locating offers," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' **but neither recites** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882. Additionally, the definitions of the words "query" and "retrieving" are immaterial to this motion.

16.   Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 21 of the '645 Patent recites "presenting said offers to said financial card applicant," but otherwise controverts this Counterstatement.

This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

17. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 22 of the '645 Patent recites "modifying financial card terms and said associated ratings," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a

14

machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

18.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 27 of the '645 Patent recites "World Wide Web site," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

19.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 27 of the '645 Patent recites "at least one database," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is

15

improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

20.    Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 27 of the '645 Patent recites "at least one device for accessing data from third party sources," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

21. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 27 of the '645 Patent recites "financial card offers for said applicant, said offers including said financial card term data and located by comparing said financial card applicant rating with said ratings assigned to said financial card terms," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

22. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 27 of the '645 Patent recites "a computer display," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular

17

machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

23.    Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 28 of the '645 Patent recites "at least one server," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

24.    Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local

18

Rule 56.1. LendingTree admits that Claim 28 of the '645 Patent recites "a client computer," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

25. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 28 of the '645 Patent recites "a processing means at said server," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine

19

prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

26. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 31 of the '645 Patent recites "at least one server is accessible via the World Wide Web," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

27. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 1 of the '617 Patent recites "at least one database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the

claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

28.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 1 of the '617 Patent recites "a server," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

29. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 1 of the '617 Patent recites "analyzing said application data," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

30. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 1 of the '617 Patent recites "presenting to said computer user for review," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any

article into a different state or thing, is not drawn to patent-eligible subject matter.")
(emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not
meet machine prong where they did not positively recite a machine). Furthermore,
except for the admitted portion, this Counterstatement is premised on conclusory
opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416
F.3d at 882.

31.     Controverted in part, immaterial in part. This purported "fact" is improper because it
contains multiple purported facts in a single numbered paragraph, in violation of Local
Rule 56.1. LendingTree admits that Claim 5 of the '617 Patent recites "uploading said
modified financial card data," but otherwise controverts this Counterstatement. This
purported "fact" is improper also because it contains argument. Block reads hardware
limitations into the claim element that are not expressly recited in the claim language at
issue. That is improper, because the machine test requires a claim to expressly recite a
particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites
'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any
article into a different state or thing, is not drawn to patent-eligible subject matter.")
(emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not
meet machine prong where they did not positively recite a machine). Furthermore,
except for the admitted portion, this Counterstatement is premised on conclusory
opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416
F.3d at 882.

32.     Controverted in part, immaterial in part. This purported "fact" is improper because it
contains multiple purported facts in a single numbered paragraph, in violation of Local

Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "creating a public network site," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

33. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "a database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they

24

did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

34. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "obtaining application data for a financial card applicant accessing said site using said identifier," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' **but neither recites** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

35. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "a server connected to said public network site," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads

25

hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

36.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "locating offers," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this

Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

37.    Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 6 of the '617 Patent recites "presenting to said financial card applicant for review," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

38.    Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 10 of the '617 Patent recites "a public computer network site at a server," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at

27

issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

39.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 10 of the '617 Patent recites "at least one database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

40.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 10 of the '617 Patent recites "at least one device in communication with said server adapted to access data from third party sources," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact.  *See Logan*, 416 F.3d at 882.

41.     Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 10 of the '617 Patent recites "memory at said server," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical

29

steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

42.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 10 of the '617 Patent recites "located from said database by said server by comparing," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

43.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local

Rule 56.1. LendingTree admits that Claim 10 of the '617 Patent recites "a display at said computer," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

44.     Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 11 of the '617 Patent recites "a first database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine

31

prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

45. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 11 of the '617 Patent recites "a second database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

46. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 11 of the '617 Patent recites "one or more servers," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is

32

improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

47. Controverted and immaterial  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree denies that Claim 11 of the '617 Patent recites "memory at said server," because that language is nowhere in that claim; rather, it recites "memory at said one of said servers." This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

48. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 19 of the '617 Patent recites "storing said financial institution data in a first database," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

49. Controverted in part, immaterial in part. This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1. LendingTree admits that Claim 19 of the '617 Patent recites "receiving at a server," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical

34

steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

50.    Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 19 of the '617 Patent recites "obtaining from a second database," but otherwise controverts this Counterstatement.  This purported "fact" is improper also because it contains argument.  Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue.  That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).  Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

51.    Controverted in part, immaterial in part.  This purported "fact" is improper because it contains multiple purported facts in a single numbered paragraph, in violation of Local Rule 56.1.  LendingTree admits that Claim 19 of the '617 Patent recites "presenting to

35

said applicant at said computer," but otherwise controverts this Counterstatement. This purported "fact" is improper also because it contains argument. Block reads hardware limitations into the claim element that are not expressly recited in the claim language at issue. That is improper, because the machine test requires a claim to expressly recite a particular machine or apparatus. *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine). Furthermore, except for the admitted portion, this Counterstatement is premised on conclusory opinions, which are insufficient to create a genuine issue of material fact. *See Logan*, 416 F.3d at 882.

52.     Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

53.     Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable

subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

54. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

55. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion. .

56. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The

question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

57.    Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

58.    Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

59. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

60. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

61. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted

claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

62. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

63. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

64. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question

40

of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

65.   Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

66.   Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

67.   Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not

LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement contents cannot serve as evidence that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

68. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement contents cannot serve as evidence that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

69. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement contents cannot serve as evidence that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

70. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable

42

subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

71. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

72. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

73. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The

question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

74. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

75. Controverted and immaterial. Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues. The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes. *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law). Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

76.     Controverted and immaterial.  Purported facts about what LendingTree does are
        irrelevant to this motion because infringement and patentability are separate issues.  The
        question of whether the Block claims are invalid under Section 101 for unpatentable
        subject matter is an issue of law independent of the factual question of whether or not
        LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question
        of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted
        claims claim patentable subject matter, and cannot raise a genuine issue of fact material
        to this motion.

77.     Controverted and immaterial.  Purported facts about what LendingTree does are
        irrelevant to this motion because infringement and patentability are separate issues.  The
        question of whether the Block claims are invalid under Section 101 for unpatentable
        subject matter is an issue of law independent of the factual question of whether or not
        LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question
        of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted
        claims claim patentable subject matter, and cannot raise a genuine issue of fact material
        to this motion.

78.     Controverted and immaterial.  Purported facts about what LendingTree does are
        irrelevant to this motion because infringement and patentability are separate issues.  The
        question of whether the Block claims are invalid under Section 101 for unpatentable
        subject matter is an issue of law independent of the factual question of whether or not
        LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question
        of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted

claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

79.     Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement contentions cannot serve as evidence that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.   .

80.     Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement contentions cannot serve as evidence that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

81.     Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question

of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

82.     Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

83.     Controverted and immaterial.  Purported facts about what LendingTree does are irrelevant to this motion because infringement and patentability are separate issues.  The question of whether the Block claims are invalid under Section 101 for unpatentable subject matter is an issue of law independent of the factual question of whether or not LendingTree infringes.  *See Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).  Further, infringement <u>contentions</u> cannot serve as <u>evidence</u> that the asserted claims claim patentable subject matter, and cannot raise a genuine issue of fact material to this motion.

**III.     Argument**

**A.      The Claims, As a Matter of Law, Do Not Meet the Transformation Prong.**

The asserted claims involve nothing more than the abstract concepts of financial card term data, applicant data, selection criteria, ratings, and financial offers.  They are the very types of abstractions that the Federal Circuit stated cannot meet the "transformation" test.

47

As an initial matter, the "transformation" that Block describes does not exist.  The Block patents make clear that applicant data does not become financial card offers, let alone anything else.  Rather, the asserted claims require comparison of the applicant data to financial selection criteria, to locate financial card offers.  *See, e.g.*, '645 Patent at 7:29-32.  This is analogous to how the patent in *Cybersource* used the obtained credit card numbers to help determine if a credit card transaction was valid, but the obtained credit card numbers did not become anything else.  *Compare* '645 Patent at 7:29-32 *with Cybersource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068, 1071 (N.D. Cal. 2009). [4]

Even if the process described by Block existed, it would fail to satisfy the transformation test as a matter of law.  The Federal Circuit has held that merely changing data from one form of information into another form of information (data) does not satisfy the transformation test.  *See Bilski*, 545 F.3d at 963 ("Purported transformations or manipulations simply of public or private legal obligations or relationships, business risks, or other such abstractions cannot meet the test because they are not physical objects or substances, and they are not representative of physical objects or substances."); *see also Cybersource*, 620 F. Supp. 2d at 1073-74.

Block's only response is a vague assertion that the claimed invention "transforms" applicant data into a financial card offer, which Block proclaims is "a wholly new product that did not previously exist," and is how "essential data is transformed from one state to another."  *See* Opp. Br. at 3, 30; *see also id.* at 46 ("For example, claim 11 of the '645 Patent

---

[4] Block unsuccessfully attempts to distinguish *Cybersource* by arguing that in that case, the claimed invention did not transform the credit card numbers obtained into anything else, but rather simply used them to create a map.  *See* Opp. Br. at 47-48; .  But that is precisely the situation here.

takes a user's application data and transforms it into a presentation of financial offers to the user."). As discussed in the Introduction at 1, *supra*, Block's assertion is nonsensical and unsupported by the patents themselves.

Block argues that "the electronic signals of claim 11 of the '645 Patent represent tangible objects or articles (paper financial card offers)." Opp. Br. at 47. Block's argument is logically flawed. For Block's argument to work, the financial card offers presented on computer display would need to serve as a representation of "paper" itself. *See* Bilski, 545 F.3d at 963 (stating that a representation of a physical object or substance must be "a visual depiction that represents specific physical objects are substances"). But, of course, it does not. A piece of paper on which a financial card offer is written still ultimately represents the abstraction of financial obligations and risks. Under Block's reasoning, any abstract concept that could be described in text on paper (such as legal obligations, organizational relationships, business risks, or even the options at issue in *Bilski*) would meet the transformation test. That cannot be. *See Cybersource*, 620 F. Supp. 2d at 1074 ("Options like those described in the *Bilski* patent do not simply float in the ether. <u>A piece of paper upon which the terms of an option are written is, like a credit card, a physical object. Yet this connection to a physical medium does not create patent eligibility, because an option ultimately represents the abstraction of a legal obligation or business risk.</u> A process purportedly transforming deedshares has likewise been held non-statutory, <u>even though deedshares may be written down</u> and even though they pertain to real estate. *Fort Prop.'s, Inc. v. Am. Master Lease, LLC,* 2009 U.S. Dist. LEXIS 7217, at * 11 (C.D. Cal. Jan. 22, 2009). Like options or deedshares, credit card accounts represent sets of legal

rights and relationships, not 'articles.'") (emphasis added); *see also Fort Prop.'s, Inc. v. Am. Master Lease, LLC*, 609 F. Supp. 2d 1052, 1056 (C.D. Cal. 2009).[5]

      **B.**      **The Block Claims, As a Matter of Law, Fail to Satisfy the Machine Prong, Because They Contain Only Generic References That Do Not Impose Any Meaningful Limits on the Claim Scope to Impart Patent-Eligibility.**

Block states repeatedly, and in conclusory fashion, that its claims "recite both individual machines and combinations and machines" and that therefore, they meet the machine prong. *See, e.g.*, Opp. Br. at 37. But the recitations of generic machines in the asserted claims, whether individually or in the recited combinations, are insufficient to satisfy the machine test. Block cites no authority to the contrary. Noticeably absent from Block's opposition papers is any actual explanation of how any of the recitations to a "computer," "public network," or "database" in the asserted claims is to a specific, rather than generic, machine. Also conspicuously absent from Block's opposition papers is any discussion of how any recitation to a "computer," "public network," or "database" in a given claim imparts any meaningful limit on the scope of that claim, so as to render it patent-eligible.

      **1.**      **The Question of Whether Machines Are Required to Practice the Invention Is Irrelevant to Whether the Machine Prong Is Met.**

At the core of Block's opposition is the argument that the Block claims satisfy the machine prong because computers, servers, and databases are required to practice the claimed invention. *See* Opp. Br. at 33-34 ("[O]ne of ordinary skill in the art would understand of the following machine components are required for performing the patented methods…. Claim 11 of the '645 Patent also meets Bilski's machine test…. The claimed steps require a computer

---

[5] Block attempts to distinguish *Fort Properties* (at 39, n.16) by arguing that in that case, the Court held that the claims did not meet the transformation prong whereas, here, the Block claims do meet the transformation prong. But in so stating, Block does nothing more than assume its own conclusion in circular fashion. Block's feeble argument should be rejected.

interacting with the database to locate the appropriate financial card offers…. Therefore, claim 11 satisfies the machine-or-transformation test….") (emphasis added); *id.* at 43.

That is not the standard.  The requirement under the machine prong is <u>not</u> that devices are necessary to practice the claimed invention, but that (a) "the use of a <u>specific machine</u>… <u>must impose meaningful limits on the claim's scope to impart patent-eligibility</u>" <u>and</u> (b) as with the transformation prong of the test, the involvement of the machine "must not merely be insignificant extra-solution activity."  *Bilski*, 545 F.3d at 961-62 (emphasis added); *see Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 2:07-cv-042, 2009 U.S. Dist. LEXIS 53626, at *6 (M.D. Fl. May 27, 2009) ("Simply because the process at issue requires machines or computers to work, however, does not mean that the process or system is a machine.") (citing *Gottschalk v. Benson*, 409 U.S. 63, 71-72 (1972)); *see also Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' but neither recites a <u>particular</u> machine or apparatus nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added).

## 2. It Is Improper to Read Into Claims Hardware Limitations That Are Not Recited in the Claim Language at Issue.

Block attempts to overcome the deficiencies in the asserted claims by trying to read into the claim elements various hardware limitations that are not actually recited in the claim language at issue.  *See* Opp. Br. at 6-17.  That is improper, because the machine test requires a claim to <u>expressly recite</u> a <u>particular</u> machine or apparatus.  *See Bilski*, 545 F.3d at 961 ("[E]ven a claim that recites 'physical steps' ***but neither recites*** a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter.") (emphasis added); *see also Godwin*, 2009 WL 4898213 at *4 (finding claims did not meet machine prong where they did not positively recite a machine).

51

### 3. The Claims Do Not Specify That the Computer on the Client Side Is "Specially Programmed" to Perform the Steps Claimed in the Patents.

In its opening papers (at 24-25), LendingTree explained that recitations in several of the asserted claims to a "computer" or "computer user"[6] on the client side fails to tie the claimed invention to a particular machine.[7]

Block responds with nothing more than unsupported, conclusory assertions that its claims "include more than a simple computer," that its claims recite multiple machines, and that "even a single one of these machines is sufficient under § 101." Opp. Br. at 34-35. But, again, Block does not explain how the references to a "computer" or "computer user" are not references to a general purpose computer, and does not cite any authority for its position. Nor can it.

The Block patents do not specify how the computer on the client side is "specially programmed" to perform the steps claimed in the patents. For at least this reason, the references to a "computer" or "computer user" are generic references that cannot satisfy the machine prong. *See DealerTrack, Inc. v. Huber*, No. CV 06-2335 AG, 2009 WL 2020761, *4 (C.D. Cal. July 7, 2009) (holding that claims directed to a computer aided method of managing a credit application did not require the use of a "particular machine," because the patent did not specify how the computer hardware and database were specially programmed to perform the steps claimed in the

---

[6] The asserted independent claims that include the terms "computer" and/or "computer user" on the client side are: claim 27 ("computer display") and claim 28 ("client computer") of the '645 Patent and claim 1 ("computer user"), claim 6 ("computer user"), claim 10 ("applicant using a computer"), claim 11 ("applicant using a computer"), and claim 19 ("applicant using a computer") of the '617 Patent.

[7] Block attempts to do away with LendingTree's pre-*Bilski* Federal Circuit authority on this point by stating hastily that those cases were decided long before *Bilski* and, thus, are inapplicable. But those decisions were cited favorably in *Bilski*, which did not overrule them on the point for which LendingTree cites to them, which is that general purpose computers have been held to be insufficient to render a claim patent-eligible.

patent and, thus, the claimed central processor was nothing more than a general purpose computer that had been programmed in some unspecified manner).

> ### 4. Block Cannot, and Does Not, Show That References to the "World Wide Web," a "World Wide Web Site," And/or a "Public Network" Tie the Claimed Invention to a Particular Machine.

In its opening papers (at 25-27), LendingTree discussed three independent reasons why the recitations to the "World Wide Web," a "World Wide Web site," and/or a "public network" in certain of the asserted claims[8] fail to tie the claimed invention to a particular machine. First, LendingTree explained that neither the "World Wide Web" nor a "World Wide Web site" can be a particular machine, as neither is a "machine" at all. The Federal Circuit has held that the "World Wide Web" is "a collection of files, or 'web pages,' containing text, graphics, audio, and video, as well as other 'hyperlinks' to other webpages" and a "World Wide Web site" is a particular collection of webpages. *See* LendingTree Br. at 27. Block cannot, and does not even try to, dispute this.

Second, LendingTree explained that recitation of the "World Wide Web," a "World Wide Web site,"[9] and/or a "public network" does not impose any meaningful limit on the scope of the asserted claims so as to render them patent-eligible, as the machine prong requires. *Id.* Allowance of such claims would effectively prevent application of Block's claimed

---

[8] The asserted independent claims that include the terms "World Wide Web" and/or a "public network" are: claim 21 ("World Wide Web site") and claim 27 ("World Wide Web," "World Wide Web site") of the '645 Patent and claim 6 ("public network site," "public network"), claim 10 ("public computer network site," "public network"), and claim 11 ("public network") of the '617 Patent.

[9] On page 36 of its opposition brief, Block accuses LendingTree of having "deliberately misquoted" (in its opening suggestions at 25) the language of Claim 21 of the '645 Patent, by purportedly ignoring the reference therein to a "World Wide Web site." This is yet another Block's red herrings. A quick glance at the last line on page 25 of LendingTree's opening suggestions demonstrates that LendingTree expressly noted the recitation in certain of the asserted claims to "World Wide Web site."

invention using any and all machines for accessing the "World Wide Web," a "World Wide Web site," and/or a "public network."

Third, LendingTree explained that, as held in *Cybersource*, broad computer networks such as the "World Wide Web" or an unspecified "public network" are abstractions even though they may connect various individual machines. LendingTree Br. at 25-27. Block responds by asserting that *Cybersource* is distinguishable because there, the claims recited use of a method and system "over the Internet" and, in Block's words, "the Internet could encompass any number of machines, and not any specific machine." Opp. Br. at 36. Block asserts that its claims differ from those in *Cybersource* because "[a] server hosting a web site is far different from a generic reference to the 'world wide web' or 'the Internet' and suffices to tie the claimed to a particular machine under § 101." *Id.* But, again, Block offers nothing beyond a bald, conclusory statement. Block does not and cannot explain how the term "World Wide Web site" is less generic or less abstract than the concepts of "World Wide Web" and "over the Internet." Further, Block ignores that whether a server is required to host a web site is irrelevant.

### 5. Block Does Not Effectively Distinguish Any of the Cases Demonstrating that References to "Database," and/or "Device for Accessing Data" on the Server Side Are Generic and Fail to Tie Block's Claimed Process to a Particular Machine.

Block cites no authority for its conclusory proposition that the recited combinations of references in the asserted patents "easily satisfy" the machine prong. Further, Block does not successfully distinguish the cases (such as those cited in LendingTree's opening suggestions at 28-29) demonstrating to the contrary.

Block mischaracterizes *Every Penny Counts, Inc. v. Bank of America Corp*. Block asserts (at 38) that in that case, the decision turned on the fact that the preamble recited "a system" and the claims required use of computers and cash registers, but there were no

references to computers or cash registers in the claim. That is not correct. The claim included the following recitations: "entry means" for entering an amount being paid into the network (*i.e.*, a cash register) and "computing means" for responding to the entered data (*i.e.*, a computer). The court held that despite those recitations (in the body of the claim) <u>and despite the fact that practice of the patented invention required use of cash registers and computers</u>, it was not comprised of those devices and, therefore, the claim did not meet the machine prong. *See Every Penny Counts*, 2009 U.S. Dist. LEXIS 53626, *6 ("Simply because the process at issue requires machines or computers to work, however, does not mean that the process or system is a machine.") (citing *Gottschalk v. Benson*, 409 U.S. 63, 71-72 (1972)).

Block attempts to distinguish *DealerTrack-* by stating (at 39) that in that case, the claims did not define how the devices were specially programmed to complete the method steps. But that is the same exact situation here. The Block claims are equally deficient.

Block states (at 42) that *Ex Parte Harris* is inapposite because in that case, no claims recited a server. That is plainly wrong. Claim 5 therein recited "over a network <u>to a server</u>" (emphasis added). *Ex Parte Harris*, No. 2007-0325, 2009 WL 86719, slip op. at 1 (B.P.A.I. Jan. 13, 2009). Block argues (at 42) that *Ex Parte Godwin* "is also inapposite because the claims in that case did not specifically recite any hardware." In making this argument, Block appears to be forgetting that some of its <u>own</u> asserted claims (specifically, Claims 11, 12, 14-20, 21 [10]-24, and 26 of the '645 Patent) do not specifically recite any hardware. For this reason, *Ex Parte Godwin* is wholly <u>apposite</u> to this case.

---

[10] Claim 21 recites the "World Wide Web" and a "World Wide Web site." As discussed above, the Federal Circuit has held that the "World Wide Web" and a "World Wide Web site" are not devices.

Block attempts to distinguish *Ex Parte Isaacson,* No. 2008-1884, 2009 WL 505455 (B.P.A.I. Feb. 26, 2009), by arguing that the claims therein recited a "data store" but did not specify a particular database and that, in contrast, the Block claims do specify a <u>particular</u> database.[11] Not surprisingly, Block once again fails to point to any language in the claims indicating recitation of a particular database. The Block claims recite "a database" and nothing more. Recitation of "a database" is as generic as recitation of "a data store." Block's assertion (at 41) that *Ex Parte Mitchell,* No. 2008-2012, 2009 WL 460662 (B.P.A.I. Feb. 23, 2009) is inapposite because the claims therein did not refer to a database or any database-like structure is a red herring. Block misses the point. *Ex Parte Mitchell* demonstrates that recitation to generic elements for storing information (such as the recitation of "a database" in the Block claims for storing applicant data and/or financial institution data) is insufficient to tie claims to a particular machine. *See* LendingTree Br. at 29.

Finally, Block does not even attempt to distinguish either *Ex Parte Hanam*, 2008 WL 367507 (B.P.A.I. Feb. 11, 2008) or *Ex Parte Gosby*, 2007 WL 2843739 (B.P.A.I. Sept. 28, 2007). Those cases further demonstrate that recitation to generic elements for receiving data – such as the "server" references in the Block patents – is insufficient. *See* LendingTree Br. at 28.

   **6.      Block Cannot Point To Any Recited Hardware That LendingTree Has Not Addressed.**

Block also accuses LendingTree of trying to mislead the Court and of strategically picking and choosing claim elements in its discussion of the machine prong of the Section 101

---

[11] This is one of several of Block's attempts to distinguish a case by asserting, in conclusory fashion, that the case is different because the ultimate holding there differs from the decision that Block urges the Court to reach here. In doing so, Block assumes its own conclusion, in circular fashion, and all of Block's such arguments should be rejected.

test.  *See* Opp. Br. at 35-36.  That is flatly untrue.  As summarized in the chart below,

LendingTree addressed every purported hardware reference set forth in the asserted claims.

| Asserted Independent Claims | Purported Recited Hardware; Citation to Discussion in LendingTree's Opening Suggestions |
|---|---|
| '645 Patent, Claim 11 | [No recited hardware.] |
| '645 Patent, Claim 21 | World Wide Web site (*see* LendingTree Br. at 25-27) |
| '645 Patent, Claim 27 | World Wide Web site, server, database, device for accessing data, computer display (*see* LendingTree Br. at 25-32) |
| '645 Patent, Claim 28 | server, client computer (*see* LendingTree Br. at 28-32) |
| '617 Patent, Claim 1 | database, computer [user], server (*see* LendingTree Br. at 28-32) |
| '617 Patent, Claim 6 | public computer network site, public network, database, computer (*see* LendingTree Br. at 28-32) |
| '617 Patent, Claim 10 | public network site, public network, database, server, computer (*see* LendingTree Br. at 25-32) |
| '617 Patent, Claim 11 | two databases, one or more server(s), public network, computer (*see* LendingTree Br. at 25-32) |
| '617 Patent, Claim 19 | two databases, server, computer (*see* LendingTree Br. at 25-32) |

7.     **It Is Improper for Block to Rely on Its Infringement Contentions to Demonstrate That the Asserted Claims Meet the Machine Prong.**

Unable to point to a single line in the patents where the claims recite a particular

machine, Block resorts to asking the Court to consider infringement contentions against

LendingTree as "evidence" that the hardware references in certain of the asserted claims are

"central" to the invention and that, therefore, the asserted claims meet the machine prong of the

machine-or-transformation test.  *See* Opp. Br. at 44.  Infringement <u>contentions</u> cannot serve as

<u>evidence</u> that the asserted claims claim patentable subject matter.  Block cites no authority

indicating otherwise.  Infringement and patentability are separate issues.  The question of

whether the Block claims are invalid under Section 101 for unpatentable subject matter is an

issue of law independent of the factual question of whether or not LendingTree infringes.  *See*

*Bilski*, 545 F.3d at 951 (the Section 101 inquiry is a question of law).

> **C.      The Block Claims Involve a Non-Numerical Algorithm and Recite Extra-Solution Activity.**

Block asserts that algorithms must be numerical, that its claims do not involve a

numerical algorithm, and that its claims involve no extra-solution activity whatsoever.  *See* Opp.

Br. at 30, 44-46.  Block's position is logically flawed, unsupported by the law, and unsupported

by the record.

> **1.      Algorithms Can Be Non-Numerical, As the U.S. Supreme Court Expressly Acknowledged in *Diamond v. Diehr*.**

Block argues that its claims do not involve any mathematical operation and, thus,

is not an algorithm.  Opp. Br. at 30, 44-45.  In making this argument, Block relies heavily on

*Gottschalk v. Benson*, 409 U.S. 63, 65 (1972), arguing that in that case, the U.S. Supreme Court

defined "algorithm" to mean "a procedure for solving a given type of mathematical problem."

*Id.*  Contrary to Block's suggestion, the Supreme Court did not define "algorithm" in *Gottschalk*

for all intents and purposes under Section 101.  Block misconstrues and misunderstands U.S.

Supreme Court jurisprudence on algorithms and Section 101.

The U.S. Supreme Court has decided just three cases involving Section 101 and

claims directed to algorithms.  *See Diamond v. Diehr*, 450 U.S. 175 (1981); *Parker v. Flook*, 437

U.S. 584 (1978); *Gottschalk v. Benson*, 409 U.S. 63, 65 (1972).  Block relies only on the earliest

of the three cases.  Block ignores that in *Diamond v. Diehr*, the U.S. Supreme Court's most

recent decision on this topic, the High Court expressly recognized that "the term 'algorithm' is

subject to a variety of definitions," including definitions broader than the Court's definition in

*Benson*, such as "[a] fixed step-by-step procedure for accomplishing a given result; usually a

simplified procedure for solving a complex problem, also a full statement of a finite number of

steps." *Diamond v. Diehr*, 450 U.S. at 186, n.9. The Supreme Court further went on to clarify that *Benson* and *Flook* had been factually limited to the narrow definition set forth in those cases, but that in those decisions, the Court had <u>not</u> passed judgment on the patentability or unpatentability of other types of algorithms, such as non-numerical ones. *See id.* In short, *Diamond* makes clear that Block cannot rely on *Benson* for the proposition that algorithms can be only numerical.

Block also attempts to rely on *In re Schrader*, 22 F.3d 290, 293 n.5 (Fed. Cir. 1994) to support its position. But that case directly rebuts Block's proposition. There, the Federal Circuit expressly acknowledged that algorithms can be non-numerical:

> ***The definition of "algorithm" is not universally agreed. One working definition is that "[a]n algorithm is an unambiguous specification of a conditional sequence of steps or operations for solving a class of problems."*** Allen Newell, *Response: The Models Are Broken, The Models Are Broken, 47 U. Pitt. L. Rev. 1023, 1024 (1986)*. The same author notes that the label "mathematical algorithm" is a source of confusion: "The first confusion is using involvement with numbers as the hallmark for distinguishing mathematics from nonmathematics, as an aid to determining what is an algorithm. . . . Mathematics deals with both nonnumerical things and numerical things. . . . ***There are both numerical and nonnumerical algorithms***. . . . Therefore, any attempt to find a helpful or cutting distinction between mathematics and nonmathematics, as between numerical or nonnumerical, is doomed." *Id.*

*Schrader*, 22 F.3d at 293 n.5 (emphasis added).

In short, Block's argument about mathematical algorithms is nothing more than a strawman. Here, we have a classic example of a non-numerical algorithm. The asserted claims recite a series of steps (*see, e.g.*, '617 Patent, Fig. 4) to accomplish a given result, namely, comparing applicant data or an applicant rating to financial institution data or financial selection criteria to locate financial card offers for the applicant. *See, e.g.*, '617 Patent, Fig. 4 (steps of claimed invention); *id.* at 2:14-34 ("Summary of Invention").

### 2. Block Tries Unsuccessfully to Deflect and Deny that Its Claims Contain Extra-Solution Activity.

In its opening suggestions, LendingTree explained that (1) collecting applicant and financial institution data, (2) storing gathered applicant and financial institution data, (3) presenting located financial offers, and (4) obtaining an applicant rating are all extra-solution activities cannot redeem the asserted patents. LendingTree Br. at 30-33. Block responds with a scattershot approach, putting forth six random responses. None has merit.

First, Block argues that <u>LendingTree's</u> use of machines is evidence that the computer hardware referenced in the asserted claims do not concern extra-solution activity. Opp. Br. at 44. Block cites no supporting authority. As discussed in Section III.B.5., *supra*, infringement contentions are irrelevant and are not "evidence" of patent-eligible subject matter.

Second, Block recycles an earlier argument and asserts that its claims do not involve any extra-solution activity because they do not involve a mathematical algorithm. Opp. Br. at 44-45. As discussed in Section III.C.1., *supra*, however, algorithms can be non-numerical and the claims here involve a non-numerical algorithm.

Third, Block asserts that the claims involve no extra-solution activity simply because its expert, Dr. Kursh, says so. Opp. Br. at 45. Conclusory expert opinions are not sufficient to create a genuine dispute of material fact. *See, e.g.*, *Logan*, 416 F.3d at 882 ("'[C]onclusory affidavits, standing alone, cannot create a genuine issue of material fact, precluding summary judgment.'") (citations omitted).

Block's fourth point concerns storage of gathered applicant and financial institution data. Opp. Br. at 45. Block attempts to deflect the actual issue by proclaiming that "[n]o court has held that a claim with as many references to specific machinery as the asserted Block method claims constituted only extra-solution activity." *Id.* That contention hinges on the

unsupportable assumption that the Block claims recite a particular machines. But there is no support for concluding that any of the hardware references in the asserted claims is to a particular, rather than a generic, machine.[12]

Block's fifth point concerns the display of located financial card offers on a computer on the client side. Opp. Br. at 45. Again, Block chooses the tactic of deflection. Block attempts to distinguish one of LendingTree's cited cases, *Ex Parte Daughtrey*, 2009 WL 963938 (B.P.A.I. April 8, 2009), by stating that that decision does not stand for the blanket proposition that a display of an output is <u>always</u> post-solution activity. *Id.* Block misses the point. Block does not dispute the following key points: *Ex Parte Daughtrey* involved an algorithm (namely, a non-numerical algorithm) that included a step for display of the output data. As in the Block claims, the "display" step did not recite any specifically programmed devices, and instead recited display on a general device on the client side. The involvement of the computer on the client side in the "display" step of the Block claims is akin to that of the user output device on the client side in *Daughtrey*. LendingTree Br. at 32-33.

Block's sixth and final point is that the step of "assigning, providing, defining, or determining overreading associated with an applicant" is not extra-solution activity because the "rating" is an "essential input" to the claimed algorithm. Opp. Br. at 46. Block confuses the process of obtaining data to be used in an algorithm with the use of that data in the algorithm. The former is clearly pre-solution activity. *See Bilski*, 545 F.3d at 961 ("'[T]he mere fact that a

---

[12] Block attempts to distinguish *Ex Parte Motoyama,* No. 2008-2753, 2009 WL 524946 (B.P.A.I. Feb. 27, 2009), by arguing that the "storing" step in that case did not require a database or other machine for storing, presumably because the claim did not actually recite to any such database or other database element for storage of the information. Opp. Br. at 45. In making this argument, Block necessarily concedes that its own argument (and opinion of its expert) that the Block "storing" steps that do not expressly recite any database or device for storing information nonetheless require such a database or device is improper. Block cannot have it both ways.

claimed invention involves <u>inputting numbers</u>, calculating numbers, outputting numbers, and storing numbers, in and of itself, would not render it nonstatutory subject matter'") (citing *AT&T Corp.*, 172 F.3d at 1359; emphasis added)); *id.* at 963 (noting that every algorithm inherently requires the gathering of data inputs and, thus, a requirement that input data be gathered is meaningless).

**D.    Block Has Put Forth No Genuine Disputed Fact Material to This Motion.**

The declaration of Block's expert, Steven R. Kursh, contributes little more than conclusory opinions that one of ordinary skill in the art would understand each limitation of the asserted claims to require a database, computer, server, network, and/or some sort of digital device to operate (even if none of those terms is actually in the body of the claims), and that the subject matter of the asserted claims meets both prongs of the machine-or-transformation test. Conclusory opinions cannot create a genuine issue of material fact. *See Logan*, 416 F.3d at 882 ("'[C]onclusory affidavits, standing alone, cannot create a genuine issue of material fact, precluding summary judgment.'") (citations omitted); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 485 (8th Cir. 1997) (same); *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984) ("[C]onclusive assertions of ultimate fact are entitled to little weight."). Dr. Kursh's declaration also is improper and insufficient for the additional reasons set forth in Section II., *supra*.

**E.    The Remainder of Block's Arguments Are Without Merit.**

Block makes various ancillary arguments, each of which fails.

**1.    The Machine-Or-Transformation Test Does and Should Apply to Apparatus Claims.**

Block argues that LendingTree has ignored the fact that some of the asserted claims take the form of system claims, and that the machine-or-transformation test only applies to method claims. Opp. Br. at 31. That is not so. LendingTree addressed this in an entire

section in its opening papers. LendingTree Br. at 33-35. As explained therein, Block's non-method claims do not recite any specific hardware and, therefore, essentially contain exactly the same limitations as in the method claims.

If the *Bilski* legal standard did not apply to apparatus claims, then patent prosecutors would merely need to change a few words in the preamble of a claim (substituting "system" for "method") and a bit of the grammar (but not the substance) of the claim and unpatentable subject matter would, by virtue of clever drafting, become patentable. It is well-established that it is improper to hold form over substance. *See id.* Several district courts have applied the machine-or-transformation test to invalidate non-method claims on this basis. *See id.*

Further, policy considerations demonstrate that those courts have correctly applied the machine-or-transformation test to claims that are non-method in form. A fundamental policy objective of the test is to avoid preemption of fundamental principles. *See Bilski*, 545 F.3d at 952-53. That objective applies to both method and non-method claims equally. Additionally, it is well-established that Section 101 is intended to apply equally to all types of claims enumerated therein. *See Benson*, 409 U.S. 63, 67-68 (1972) (noting that "the same principle applies" when dealing with a "product" claim or a "process" claim); *Arshal v. U.S.*, 621 F.2d 421, 427 (Ct. Cl. 1980) (noting that "the fundamental principles governing the statutory determination of 'method' claims are equally applicable to 'apparatus' claims"); *In re Maucorps*, 609 F.2d 481, 485 (Ct. Cust. & Pat. App. 1979) (stressing that "[l]abels are not determinative in s 101 inquiries" and that legal precedent "applies equally whether an invention is claimed as an apparatus or process, because the form of the claim is often an exercise in drafting") (citations omitted).

### 2. BPAI Decisions Are Properly Citable Persuasive Authority.

Block argues that decisions from the Board of Patent Appeals and Interferences ("BPAI") are uncitable and should be given no weight. That is neither correct nor appropriate. To be sure, BPAI decisions are not binding on this Court. But as Block concedes (at 40) and as the Federal Circuit has made clear, BPAI decisions may be informative and certainly carry persuasive weight, particularly as they "represent the views of a panel of specialists in the area of patent law." *See Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, 518 F.3d 1353, 1362 (Fed. Cir. 2008) (citing unpublished BPAI decision); *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1163 (Fed. Cir. 2006) (relying on BPAI decision as persuasive authority); *Noelle v. Lederman*, 355 F.3d 1343, 1350 (Fed. Cir. 2004) (stating that "a decision from the Board of Patent Appeals and Interferences … may be persuasive"). Further, as even Block cannot deny, citation to BPAI decisions is acceptable under the Court's local rules and the applicable federal rules.

### 3. *Bilski* Remains Binding Law.

Block suggests that the U.S. Supreme Court almost certainly will reverse the *Bilski* because "the Supreme Court usually reverses the Federal Circuit on patent issues." Opp. Br. at 29. While Block is free to conjecture, it remains indisputable that unless and until there is an actual reversal, the *en banc Bilski* states the controlling law. *See* LendingTree Br. at 2 n.1. It bears noting that it is unclear whether there will be a reversal. *See Cybersource*, 620 F.Supp.2d at 1081 (noting some of the Justices' comments in prior decisions on the suspect validity of some business method patents and the desire to avoid the dangers of overprotection).

## IV. Conclusion

For the foregoing reasons and the reasons set forth in LendingTree's opening suggestions, the asserted patent claims are invalid under 35 U.S.C. §101 for failure to claim

patent-eligible subject matter and, therefore, the Court should grant LendingTree, LLC's motion

for summary judgment of invalidity.

Respectfully submitted,

Dated: August 26, 2009      /s/ Robert D. Fram

             Robert D. Fram (Admitted Pro Hac Vice)
             Winslow B. Taub (Admitted Pro Hac Vice)
             Deanna L. Kwong (Admitted Pro Hac Vice)
             **COVINGTON & BURLING LLP**
             One Front Street, Floor 35
             San Francisco, CA 94111
             Tel: (415) 591-6000 / Fax: (415) 591-6091
             rfram@cov.com
             wtaub@cov.com
             dkwong@cov.com

             Edward H. Rippey (Missouri Bar No. 46889)
             **COVINGTON & BURLING LLP**
             1201 Pennsylvania Avenue NW
             Washington, DC 20004-2401
             Tel: (202) 662-5171
             Fax: (202) 778-5151
             erippey@cov.com

             Edward R. Spalty (Missouri Bar No. 26086)
             David A. Jermann (Missouri Bar No. 51389)
             **ARMSTRONG TEASDALE LLP**
             2345 Grand Boulevard, Suite 2000
             Kansas City, Missouri 64108-2617
             Tel: (800) 243-5070 / Fax: (816) 329-5426
             espalty@armstrongteasdale.com
             djermann@armstrongteasdale.com

             ATTORNEYS FOR LENDINGTREE, LLC

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of LENDINGTREE, LLC'S REPLY SUGGESTIONS IN SUPPORT OF LENDINGTREE, LLC'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. SECTION 101 FOR FAILURE TO CLAIM PATENT-ELIGIBLE SUBJECT MATTER was electronically filed with the Clerk of Court on this 26th day of August, 2009 using the CM/ECF system, which sent notification of such filing to the following:

Jeffrey S. Standley
F. Michael Speed, Jr.
Mark R. Engle
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, OH  43017
Tel.:  614-792-5555
Fax:  614-792-5536
jstandley@standleyllp.com
mspeed@standleyllp.com
mengle@standleyllp.com


Mark W. Brennan
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO  64015-2100
Tel.:  816-374-3200
Fax:  816-374-3300
mwbrennan@bryancave.com

Gary M. Hoffman (Admitted *Pro Hac Vice*)
Kenneth W. Brothers (Admitted *Pro Hac Vice*)
Kimberly R. Parke (Admitted *Pro Hac Vice*)
Thomas D. Anderson (Admitted *Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel.: 202-420-2200

Fax: 202-420-2201
HoffmanG@dicksteinshapiro.com
BrothersK@dicksteinshapiro.com
ParkeK@dicksteinshapiro.com
AndersonT@dicksteinshapiro.com
ATTORNEYS FOR BLOCK FINANCIAL LLC

/s/  Robert D. Fram

ATTORNEY FOR LENDINGTREE, LLC