IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-1007-CV-W-3-ODS |
| | ) | |
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0164-CV-W-ODS |
| | ) | |
| BLOCK FINANCIAL CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER (1) DEFERRING CONSIDERATION OF LENDINGTREE, LLC'S MOTION FOR SUMMARY JUDGMENT AND (2) CANCELING PRETRIAL CONFERENCE AND TRIAL</u>

Pending is a motion for summary judgment filed by LendingTree LLC ("LT"), alleging two patents owned by Block Financial Corp. ("Block") are invalid because they do not claim eligible subject matter. After reviewing the parties' arguments, the Court concludes the prudent course is to defer consideration of LT's motion and postpone the trial.

LT contends the patents at issue are invalid because they claim unpatentable processes under 35 U.S.C. § 101. In October 2008, the Federal Circuit issued its *en banc* decision in <u>In re Bilski</u>, which exhaustively discussed the statute and held "the applicable test to determine whether a claim is drawn to a patent-eligible process under § 101 is the machine-or-transformation test set forth by the Supreme Court and clarified herein . . . ." 545 F.3d 943 (Fed. Cir. 2008). On June 1, 2009, the Supreme Court granted certiorari in <u>Bilski</u>, and oral argument is scheduled for November 9, 2009.

LT urges the Court to apply Bilski despite the Supreme Court's grant of certiorari, reasoning that the Supreme Court has not vacated the Federal Circuit's decision so it remains good law. LT further suggests a decision from the Supreme Court cannot be expected before the trial in this case (currently scheduled for March 1, 2010), so the Court has no choice but to apply Bilski. Block sees matters differently, intimating the Court should ignore Bilski because "the Supreme Court usually reverses the Federal Circuit on patent issues" and has "reversed almost every patent case it has taken." Block's Suggestions in Opposition at 29 & n.8. Block essentially asks the Court to ignore Bilski because (and these are the Court's words offered to paraphrase Block's position) "Bilski is probably wrong." Block also suggests that the Court "deny LendingTree's present motion, develop the facts at trial, and then, in the post-trial briefing, apply the Supreme Court's decision in light of the fully developed factual record." Block's Suggestions in Opposition at 29.

The Court does not find either party's position to be particularly palatable. While Bilski has not been vacated, it seems foolish to ignore the fact that the Supreme Court granted certiorari. In all likelihood, there will be a Supreme Court opinion issued, and that opinion will supplant Bilski and constitute the applicable law. While a decision will not likely be made before March 1, 2010, the Court can remedy that concern by postponing the trial until after the Supreme Court issues an opinion or otherwise disposes of the case. As for Block's position, the Court declines to adopt its analysis and infer the grant of certiorari means anything about the Supreme Court's views. The Court also believes conducting a trial in the current circumstances is not ideal: Block suggests the Court allow the jury to find "the facts" but until the legal standard is clarified the Court is not sure what factual issues the jury should be asked to resolve.

The most economical course – for the parties and for the judicial system – is to wait for the Supreme Court to rule. This avoids the risks that the Court applies the law incorrectly, applies the wrong legal standard, or that the matter must be retried as a result of such legal errors. Therefore, the Court will defer consideration of LT's motion until after the Supreme Court issues its ruling. The pretrial conference and trial settings

will be canceled and reset at a later time if necessary. Meanwhile, the other deadlines in this case remain in effect.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: September 11, 2009                UNITED STATES DISTRICT COURT

3

Case 4:01-cv-01007-ODS   Document 189   Filed 09/11/09   Page 3 of 3