IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLOCK FINANCIAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-1007-CV-W-ODS |
| | ) | (Consolidated with Case No. |
| LENDINGTREE, INCORPORATED, | ) | 08-0164-CV-W-ODS) |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENSE OF OBVIOUSNESS OR, ALTERNATIVELY, TO STRIKE EXPERT TESTIMONY FOR FAILURE TO DEFINE A PERSON OF ORDINARY SKILL

In this patent infringement case, one of the defenses asserted by Defendant is that Plaintiff's patent is invalid because it was obvious.[1]  Plaintiff seeks summary judgment on the defense or, alternatively, an order striking the testimony of Defendant's expert witness.  The motion (Doc. # 197) is denied in its entirety.

The primary relief sought is summary judgment, but the argument rises or falls on the Court's assessment of Defendant's expert's report.  Nonetheless, the Court will set forth the standard for granting summary judgment.  A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.

---

[1] It is not clear whether Defendant persists in its enablement defense.  See 35 U.S.C. § 112.  If this defense is still in the case, the Court's discussion applies to it just as it does to the obviousness defense.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but    . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The critical issue is whether a material fact will not be addressed by Defendant's expert.  This requires understanding the facts that are material when evaluating the issue of obviousness.

A patent is not to be issued (and an issued patent is invalid) "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  35 U.S.C. § 103(a).  The Supreme Court has described the inquiry thusly: "the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.  Against this background, the obviousness or nonobviousness of the subject matter is determined."  Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17 (1966) (cited with approval in KSR Int'l Co v. Teleflex Inc., 550 U.S. 398, 415-16 (2007)). Plaintiff contends Defendant's expert – Dr. Chris Kemerer – has failed to properly analyze the issue because he failed to specifically define the qualifications and background of a person skilled in the art.  Plaintiff argues this failure is a critical component of the analysis and the defense should be rejected because Dr. Kemerer failed to address it, thereby leaving Defendant with no evidence to support the defense. Alternatively, Plaintiff contends the failure justifies striking Dr. Kemerer's testimony in its entirety (which would have the same practical effect as granting judgment to Plaintiff).

The Court disagrees with Plaintiff's legal analysis.  "[T]he level of skill in the art is a prism or lens through which a judge, jury, or the Board views the prior art and the claimed invention.  This reference point prevents these factfinders from using their own insight or, worse yet, hindsight, to gauge obviousness."  Okajima v. Bourdeau, 261 F.3d 1350, 1355 (Fed. Cir. 2001).  However, there is no absolute requirement that the "prism

or lens" be detailed for the factfinder.  "A specific finding on the level of skill in the art is not . . . required where the prior art itself reflects an appropriate level and a need for testimony is not shown."  Litton Indus. Products, Inc. v. Solid State Systems Corp., 755 F.2d 158, 163-64 (Fed. Cir. 1985).  A specific showing and finding also are not necessary when there is no dispute on the issue, when the ultimate conclusion regarding obviousness does not depend on precisely identifying the level of skill possessed by those skilled in the art, or when the subject matter is easily understandable.  E.g., Ruiz v. A.B. Chance Co., 234 F.3d 654, 667 (Fed. Cir. 2000); Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc., 807 F.2d 955, 963 (Fed. Cir. 1986); Chore-Time Equipment, Inc. v. Cumberland Corp., 713 F.2d 774, 779 (Fed. Cir. 1983).

Four factors combine to persuade the Court that Plaintiff is not entitled to any relief on its motion.  First, Dr. Kemerer's report provides an exhaustive discussion about the prior state of the art that details the "knowledge" possessed by those in the information systems and computer science fields as related to the financial industry.  His testimony does not depend upon any particular level of knowledge, expertise, or training – so he provided none.  Second, Plaintiff's expert (Dr. Steven Kursh) defined a person of ordinary skill in the art as someone "with at least two years of experience in the design and implementation of e-commerce systems and at least three years of education or experience related to the financial services industry with specific experience in consumer finance and risk analysis."  Later, in a report dated August 14, 2009, Dr. Kursh criticized Dr. Kemerer's failure to include a detailed definition and contended he could not respond to Dr. Kemerer's report without knowing that information.  Tellingly, Dr. Kursh did *not* opine Dr. Kemerer's conclusions were wrong or incorrect based on his own definition.  While Dr. Kemerer had not yet clearly adopted Dr. Kursh's definition, Dr. Kursh knew (1) the definition he himself employed and (2) what Dr. Kemerer thought was known by persons of ordinary skill.  He also knew that at trial he would be defending his own opinions, so Dr. Kursh could (and should) have offered an opinion as to whether those with the degree of skill he had previously identified possessed the knowledge identified by Dr. Kemerer.

3

Third, the subject matter is easily understandable when explained to a jury. True, the state of the art is beyond the ken of the average jury – but if this fact, alone, were sufficient to require precise findings regarding the expertise of a person skilled in the art, the requirement would exist in every case and the prior decisions from the Federal Circuit could not have found the failure to be a non-issue. This is not a case involving complicated chemical, atomic, or other high-level scientific knowledge; indeed, while Dr. Kursh's definition demonstrates a certain degree of knowledge and training it does not call for such a high level of education that precise definitions are critical. Finally, the Court discerns no prejudice to Plaintiff. On August 18, 2009, Plaintiff was advised that Dr. Kemerer used the same definition as Dr. Kursh. Plaintiff criticizes this untimely disclosure, but the Court is unmoved. The lateness is minimal, and the information does not add anything of great substance to Dr. Kemerer's report or provide anything that would have enabled Dr. Kursh to respond better or differently than he could have before August 18. Moreover, the only way Plaintiff can be prejudiced is if there is some disagreement between the experts or, more precisely, if Dr. Kemerer provided a more demanding definition of persons skilled in the art. A greater number of requirements and qualifications in the definition expands the universe of knowledge available to the person, thereby increasing the possibility that a given invention would be deemed obvious. Dr. Kemerer's definition of persons skilled in the art is not so exacting that his failure to disclose it at an earlier time has prejudiced Plaintiff's case.

Under the facts and circumstances presented in this case, the definition of persons skilled in the art has not been contested and has not been overly critical to the issues. Therefore, Defendant's expert's failure to initially identify the precise contours of his definition does not justify granting Plaintiff summary judgment, striking Defendant's expert, or any other relief.

IT IS SO ORDERED.

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, JUDGE  
DATE: December 21, 2009       UNITED STATES DISTRICT COURT